IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN A. HALTOM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2494 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AN OPINION**

Petitioner, Glenn A. Haltom, seeks habeas corpus relief under 28 U.S.C. § 2254. Having considered the record and applicable authorities, the court dismisses Haltom's petition for failure to state a ground for federal habeas corpus relief. The reasons are explained below.

**I.     Background**

On September 17, 1992, Haltom was convicted of robbery without a deadly weapon. He was sentenced to a fifteen-year prison term. Haltom alleges that he served seven years, one month, and eight days in prison; accumulated two years, ten months, and twenty-six days of good-time credits; and accumulated one year, nine months, and four days of work-time credits. Haltom alleges that he was in the "constructive custody" of the Texas Board of Pardons and Paroles ("Board") for the eight years he was on parole. Haltom does not specify when he was released to parole, but his parole was revoked on October 6, 2004. Haltom alleges that including the good-time, work-time, and street-time credit, he has served over

fifteen years and should be released immediately because he has discharged his sentence. He complains that as a result of the denial of credit, his sentence was improperly extended. Haltom challenges the calculation of his sentence on the following grounds:

(1) he was denied credit for time served on parole;

(2) he was denied credit for previously earned good time and work time;

(3) he was forced to forfeit previously earned good-time credits when he was required to sign the parole contract under duress; and

(4) the classification unit illegally extended his sentence without authority.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 8).

## II.   Discussion

Haltom's argument that he was unlawfully denied credit for the time that he spent on parole is without merit. *Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997). When a person's parole, mandatory supervision, or conditional pardon is revoked, the remaining sentence is to be calculated without credit for the time from release on parole to revocation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.18 § 14(a) (West 1997); *Cortinas v. United States Parole Comm'n*, 938 F.2d 43, 46 (5th Cir. 1991) (rejecting a challenge to a similar federal statute).

Haltom's claim that he was forced to agree to the forfeiture of good-time credits is also without merit. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8). Haltom argues that he was required to agree to the conditions of parole, including the forfeiture of his previously earned good-time credit, under duress. Under Texas law, parole

is "the discretionary and conditional release of an eligible prisoner sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE ANN. § 508.001(6). Texas law provides that "[a]n inmate to be released on parole shall be furnished a contract stating in clear and intelligible language the conditions and rules of parole." TEX. GOV'T CODE ANN. § 508.154 (Vernon 1998). "Acceptance, signing, and execution of the contract by the inmate to be paroled is a precondition to release on parole." *Id.* at § 508.154(b). Haltom concedes that he accepted release on parole. Haltom's argument that the contract he signed was void and his resulting forfeiture of previously earned good-time credits was unlawful fails to allege a constitutional violation.

Haltom incorrectly asserts that the Texas prison system has added time onto his sentence. Prison officials computed the sentence in accordance with Texas law, which provides that Haltom cannot receive credit for time spent on parole if it is revoked. Haltom's argument that the denial of credit for time served on parole violates the separation of powers doctrine is similarly meritless. The federal doctrine of separation of powers is not enforced against the states. *Attwell v. Nichols,* 608 F.2d 228, 230 (5th Cir. 1979), *cert. denied,* 446 U.S. 955 (1980). Moreover, Haltom has failed to allege a separation of powers violation. The term of his sentence has not been altered. Haltom is not entitled to credit toward the sentence for time spent on parole that was later revoked or for good-time or work-time credit that was forfeited on revocation.

Haltom's claims do not state a federal habeas claim and must be dismissed.

## III. Conclusion

Haltom's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied. Any remaining pending motions are denied as moot.

A certificate of appealability will not issue because Haltom has not made a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000); *Slack,* 529 U.S. 484. Haltom has not made the necessary showing. A certificate of appealability is denied.

SIGNED on October 29, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge